**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4642**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KRISTY MICHELLE STOWERS, a/k/a Kristy Michele Stowers, a/k/a Kristy Sparger,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:08-cr-00024-JPJ-PMS-22)

Submitted:  March 8, 2018                          Decided:  March 22, 2018

Before KING, FLOYD, and THACKER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia, for Appellant.  Jean Barrett Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristy Michelle Stowers appeals the district court's judgment revoking her supervised release and imposing a sentence of three months of imprisonment and an additional 36 months of supervised release. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the prison term is plainly unreasonable and whether the district court erred by imposing a special condition of supervised release requiring Stowers to spend six months at a halfway house. We affirm in part and dismiss in part.

Stowers first challenges her three-month sentence. We observe that, during the pendency of this appeal, Stowers was released from prison and began serving the additional supervised release term. As a result, Stowers' appeal of her prison sentence is moot. *See United States v. Hardy*, 545 F.3d 280, 285 (4th Cir. 2008). We therefore dismiss this portion of the appeal.

Counsel also questions the district court's imposition of a six-month term at a halfway house as a special condition of supervised release. Because Stowers did not object in the district court, we review for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). We readily conclude that, as a result of the nature and circumstances of Stowers' violations of supervised release, her history and characteristics, and the opportunity to provide appropriate training and treatment, the district court did not err in requiring Stowers to spend six months at a halfway house. *See United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (providing standard).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss as moot the appeal of the prison sentence and affirm the revocation judgment in all other respects. This court requires that counsel inform Stowers, in writing, of the right to petition the Supreme Court of the United States for further review. If Stowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stowers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*